IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHIRLEY ONISHI, LLC, | ) CIVIL NO. 18-00497 HG-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) PLAINTIFF'S MOTION FOR |
| | ) ENTRY OF DEFAULT JUDGMENT |
| DONALD KEITH REEVES, | ) AND TO DISMISS THIS ACTION |
| | ) WITHOUT PREJUDICE |
| Defendant. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AND TO DISMISS THIS ACTION WITHOUT PREJUDICE

Before the Court is Plaintiff Shirley Onishi, LLC's Motion for Entry of Default Judgment against Defendant Donald Keith Reeves, filed on October 15, 2019 (Motion).  See ECF No. 25.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  See ECF No. 28.

The Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED and that this action be DISMISSED WITHOUT PREJUDICE.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

<u>BACKGROUND</u>

In 1992, Plaintiff, a property management company, was retained by Defendant Donald Keith Reeves as the property manager for the real property located at 3045 Ala Napa Place #504, Honolulu, HI 96818 (the Property).  <u>See</u> ECF No. 1 ¶¶ 6, 7.  From 1992 through 2018, Plaintiff managed the Property, which was occupied by a tenant.  <u>See</u> <u>id.</u> ¶ 8.  Plaintiff sent the rental proceeds to Defendant at the last know address provided by him, c/o the U.S. Embassy, Jakarta, Indonesia APO 96520.  <u>See</u> <u>id.</u> ¶ 9.  Defendant did not provide Plaintiff with a new address.  <u>See</u> <u>id.</u> ¶ 10.

At some point, the checks that Plaintiff sent to Defendant stopped being cashed.  <u>See</u> <u>id.</u> ¶ 11.  For many years, Defendant has not cashed the rental checks, communicated with Plaintiff, or notified Plaintiff of his whereabouts.  <u>See</u> <u>id.</u> ¶ 12.  Plaintiff retained a private investigator, conducted numerous background checks, and has subpoenaed the United States Department of State and the Department of Veterans Affairs but has been unable to locate Defendant.  <u>See</u> <u>id.</u> ¶ 13; ECF No. 25-3 ¶¶ 3-9.   Plaintiff has ceased operations as a property manager, has transferred management to another property management company, and is winding down its business.  <u>See</u> ECF No. 1 ¶ 14; ECF No. 25-2 ¶ 10.

Plaintiff filed its Complaint on December 21, 2018, asking the Court to issue a declaratory judgment "regarding the disposition of the net rental

proceeds held by Plaintiff and the disposition of the Property." See id. ¶ 19.

Plaintiff also asks the Court to appoint a receiver or a special master to take legal

control of the Property and the rental proceeds. See id. ¶ 24. Plaintiff alleges that

Plaintiff is a Hawaii limited liability company and that Defendant is a United

States citizen and a resident of Jakarta, Indonesia. See id. ¶¶ 1, 2. Plaintiff alleges

complete diversity of citizenship between the parties and that the amount in

controversy exceeds $75,000. See id. ¶ 3.

      Early in the case, Plaintiff was granted leave to conduct limited

discovery to attempt to determine Defendant's current mailing address and

location. See ECF No. 12. After Plaintiff was unable to locate Defendant to effect

personal service, Plaintiff was given leave to serve Defendant by publication

pursuant to Hawaii Revised Statutes Section 634-36.[2] See ECF Nos. 19, 21.

Defendant did not appear at the return hearing or file a response to the Complaint.

See ECF No. 22. Default was entered against Defendant on September 12, 2019.

See ECF No. 23-2. The present Motion followed seeking default judgment. See

ECF No. 25.

---

[2] Hawaii Revised Statute Sections 634-35 and 634-36 permit service by publication on a defendant who owns property in the state and who cannot be found in the state for personal service. See Haw. Rev. Stat. §§ 634-35, 634-36.

DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

Plaintiff contends that this Court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

4

See ECF No. 1 ¶ 3.  Under diversity jurisdiction, district courts have original

jurisdiction over civil actions between citizens of different states and civil actions

between citizens of a state and citizens of a foreign state.  See 28 U.S.C. § 1332(a).

In its Complaint, Plaintiff alleges that Plaintiff is a Hawaii limited liability

company and that Defendant is a United States citizen and a resident of Jakarta,

Indonesia.  See id. ¶¶ 1, 2.

      The Court finds that the district court does not have diversity

jurisdiction because Defendant is a United States citizen residing abroad.[3]  Based

on the plain language of 28 U.S.C. § 1332, the Ninth Circuit has held that no

diversity jurisdiction exists in an action brought against a United States citizen

domiciled in a foreign county.  See Brady v. Brown, 51 F.3d 810, 815 (9th Cir.

1995) (finding no diversity jurisdiction in an action against a United States citizen

residing in Mexico because he was not a resident of any state and was not a citizen

of a foreign state).  "It has been held consistently that a diversity suit may not be

maintained [ ] by or against a United States citizen who is domiciled in a foreign

country."  Turan Petroleum, Inc. v. Lentin, 482 F. Supp. 2d 1170, 1171 (C.D. Cal.

---

[3] For purposes of this analysis, the Court assumes that Plaintiff, a
limited liability company, is a citizen of Hawaii even though the Complaint does
not contain specific allegations regarding the citizenship of its members.  See ECF
No. 1 ¶ 1; Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir.
2006) (holding that a limited liability corporation is a citizen of all of the states of
which its owners/members are citizens).

2007) (citing cases).  As alleged by Plaintiff in the Complaint, Defendant is a United States citizen residing in Jakarta, Indonesia.  <u>See</u> ECF No. 1 ¶ 2.  Based on Defendant's United States citizenship and residency in a foreign county, this Court lacks diversity jurisdiction over this action.

No other basis for subject matter jurisdiction is alleged in the Complaint.  Plaintiff asserts a claim for declaratory judgment regarding its state law fiduciary duties to Defendant; however, the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction.  <u>See</u> <u>Skelly Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671 (1950); 28 U.S.C. § 2201(a). Plaintiff also asserts a claim for appointment of a receiver or a special master to dispose of the Property.  <u>See</u> ECF No. 1 ¶¶ 22-24.  The only basis for this request cited in the Complaint is Plaintiff's fiduciary duties and Hawaii's abandoned property statute, neither of which provides a basis for federal jurisdiction.  Because the Court lacks subject matter jurisdiction, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion and DISMISS this action WITHOUT PREJUDICE.

CONCLUSION

The Court FINDS AND RECOMMENDS that Plaintiff Shirley Onishi, LLC's Motion for Entry of Default Judgment against Defendant Donald Keith Reeves be DENIED and that this action be DISMISSED WITHOUT

6

PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 18, 2019.



Wes Reber Porter
United States Magistrate Judge

**SHIRLEY ONISHI, LLC v. REEVES, CIVIL NO. 18-00497 HG-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND TO DISMISS THIS ACTION WITHOUT PREJUDICE**